**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4442**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS W. HOFLER, JR.,

Defendant - Appellant.

---

**No. 05-4749**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS W. HOFLER, JR.,

Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (CR-03-211)

---

Submitted: March 31, 2006          Decided: May 12, 2006

---

Before NIEMEYER, LUTTIG,[*] and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Steven D. Goodwin, GOODWIN, SUTTON & DUVAL, PLC, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

*Judge Luttig was a member of the original panel but did not participate in this decision.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Thomas W. Hofler, Jr., was convicted after a trial of one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956 (2000), three counts of wire fraud and aiding and abetting such fraud, in violation of 18 U.S.C.A. §§ 2, 1343 (West 2000 & Supp. 2005), and five counts of money laundering and aiding and abetting money laundering, in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A)(I) (2000). Hofler was involved in a "Ponzi" scheme in which he and others induced persons to invest money in investment plans offering high yields and little risk. Often the money was never invested, but was used to make payouts to prior investors. In addition, the money was used to support their other businesses or for personal expenses. On appeal, Hofler raises the following four issues: (1) the district court erred in not granting his motion for a Franks hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978); (2) the district court erred in not granting a new trial due to juror misconduct; (3) the district court erred in not granting a new trial based on newly discovered evidence; and (4) the evidence was not sufficient to support the convictions.

We agree with the district court that a Franks hearing was not necessary. Hofler failed to show that the allegedly false statements made in the affidavit supporting the search warrant were necessary for a finding of probable cause. United States v.

- 3 -

Jeffus, 22 F.3d 554, 558 (4th Cir. 1994).

We further find there was no clear error with respect to the district court's findings regarding juror bias. Hofler failed to establish actual or implied bias. See Jones v. Cooper, 311 F.3d 306, 310 (4th Cir. 2002); Fitzgerald v. Greene, 150 F.3d 357, 365 (4th Cir. 1998).

We also find the district court did not err in denying the motion for a new trial based upon newly discovered evidence. Because the witness at the center of the motion admitted to fraudulent conduct and deceiving his business associates and investors, the newly discovered impeachment evidence offered by Hofler was not material. United States v. Bagley, 473 U.S. 667, 678, 682 (1985).

Finally, after viewing the evidence in the light most favorable to the Government, we find there was sufficient evidence to support the convictions. Glasser v. United States, 315 U.S. 60, 80 (1942).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED